## MCQUADE v. COOPER.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

REFERENCE—WHEN GRANTED.

In an action for a balance on a contract for work on a house, and for extra work and materials, and for extra plans for the buildings, the answer alleged a specific contract as to the plans; that the extra work, except two items, was embraced in the contract; and that, in certain respects, the contract had not been complied with. *Held,* that a motion by plaintiff for a reference was properly denied.

Appeal from special term, New York county.

Action by Matthew McQuade against James Cooper. Plaintiff appeals from an order denying a motion by him for a reference.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Langbein Bros. & Langbein,* (*George F. Langbein,* of counsel,) for appellant. *John M. Tierney,* for respondent.

VAN BRUNT, P. J. This action was brought to recover a balance alleged to be due upon a contract to do certain carpenter work upon the house of the defendant, and also the usual claim under such circumstances for extra work and materials in or about the buildings, and an additional claim for extra plans furnished for the buildings. The answer of the defendant alleges a specific contract as to the plans, and denies the extra work, except as to two items, claiming that it was embraced within the contract, and alleges certain respects in which the contract had not been complied with. Upon this state of the pleadings, the plaintiff moved for a reference, which was denied, and, from the order thereupon entered, this appeal is taken.

We see no reason for interfering with the order made by the court below. It may be true that the court may have the power to refer an action of the nature presented by the pleadings herein; but whether it should exercise that power is another question, and the propriety of such exercise must always depend upon the peculiar features of each action in which the application for a reference is made. The policy of the court is not to refer cases unless it is apparent that they cannot, with propriety, and with justice to the parties, be tried before a jury, because of complication of accounts or figures which the jury cannot conveniently carry in their minds; but in the case at bar it does not seem that there would be any difficulty in the jury being able to carry in mind the evidence relating to the few items involved, and come to an intelligent determination upon the evidence.

The question in regard to some of the items of extra work must be determined upon an inspection of the contract. This applies to almost all claims for extra work; and the claim of the defendant in respect to the parts of the contract which have not been complied with are not so intricate or numerous that it would be impossible for the jury to bear in mind the evidence relating to each. We think, therefore, that there was no adequate reason for a reference in this case, and that the order appealed from should be affirmed, with $10 costs and disbursements.